GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
38 Discovery, Suite 200
Irvine, California 92618
Telephone: (949) 753-0255
Facsimile: (949) 753-0265
Electronic Service: eservice@g3pmlaw.com

Attorney: MATTHEW M. PROUDFOOT, SBN: 155988

Attorney for Defendant, FORD MOTOR COMPANY

SUPERIOR COURT OF CALIFORNIA – COUNTY OF LOS ANGELES
CENTRAL DISTRICT
UNLIMITED JURISDICTION

| | |
|---|---|
| GLORIA J. ALVAREZ, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No: 21STCV06666<br>Judge: Barbara Meiers<br>Dept. 12<br><br><br><br>**FORD MOTOR COMPANY'S ANSWER TO COMPLAINT**<br><br><br><br>Complaint Filed: February 19, 2021<br>Trial Date: None |

Defendant, FORD MOTOR COMPANY hereby responds to Plaintiff's Complaint herein, as follows.

**GENERAL DENIAL**

1.   Pursuant to California Code of Civil Procedure § 431.30, Defendant herein denies each and every allegation in the Complaint and further denies that Plaintiff has been damaged in any sum whatsoever.

///

///

///

FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State A Cause Of Action)

2.    Plaintiff's Complaint, and each cause of action and count thereof, fails to state sufficient facts to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Disclaimer of Warranties)

3.    Plaintiff's cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

4.    Any cause of action alleged in the Complaint is barred by the statutes of limitations contained in the Code of Civil Procedure, specifically § 337**,** 338, 338.1, 339, 340, 343, Civil Code § 1783, Business and Professions Code §17208, and Commercial Code § 2725.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

5.    If Plaintiff sustained any damages as alleged in the Complaint, that damage was proximately caused and contributed to by Plaintiff in failing to mitigate damages.  Plaintiff's failure to mitigate damages diminishes any recovery herein.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure of Performance)

6.    Defendant is informed and believes and based thereon alleges that any failure to perform the obligations as described in the Complaint resulted from Plaintiff's failure to perform as

FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

required by the contract and/or warranty.  Performance on Plaintiff's part of his obligations was a condition precedent to the performance of Defendant's obligations.

<strong>SIXTH AFFIRMATIVE DEFENSE</strong>

<strong>(Alteration of Product)</strong>

7.    The vehicle was not defective or in an unmerchantable condition when it left the possession, custody and control of the manufacturer.  Any damage to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale, by persons other than the manufacturer or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

<strong>SEVENTH AFFIRMATIVE DEFENSE</strong>

<strong>(Failure to State Cause of Action for Civil Penalties)</strong>

8.    The Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it offered to promptly provide restitution of the purchase or to replace the Subject Vehicle pursuant to Civil Code section 1793.2(d)(2)(B).

<strong>EIGHTH AFFIRMATIVE DEFENSE</strong>

<strong>(Abuse or Failure to Maintain)</strong>

9.    The Plaintiff is barred from recovery by virtue of Civil Code § 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

<strong>NINTH AFFIRMATIVE DEFENSE</strong>

<strong>(Civil Code § 1791.1(c)-Implied Warranty)</strong>

10.    Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code § 1791.1(c).

3

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

11.   Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

12.   Defendant maintains a third party dispute resolution process which substantially complies with Civil Code § 1793.22. Defendant is informed and believes, and based thereon alleges, that Plaintiff received timely and appropriate notice of the availability of the process.  Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code § 1793.22 and from recovering civil penalties pursuant to Civil Code § 1794(e).

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

13.   Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to provide notice to this answering Defendant pursuant to Civil Code § 1794(e)(3).  Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code § 1793.22 and from recovering civil penalties pursuant to Civil Code § 1794(e).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

14.   The civil penalty provisions of Civil Code § 1794(c) and (e) violate the Due Process clause of the United States Constitution and the California Constitution.

4

## **FOURTEENTH AFFIRMATIVE DEFENSE**

### **(Revocation Not Effective)**

15.   Any purported revocation of acceptance was not made within a reasonable time nor before a substantial change in the condition of the vehicle which was not caused by any alleged defects.

### **FIFTEENTH AFFIRMATIVE DEFENSE**

### **(Compliance)**

16.   FORD MOTOR COMPANY alleges that it offered to promptly provide restitution of the purchase or to replace the Subject Vehicle pursuant to Civil Code section 1793.2(d)(2)(B).

### **PRAYER**

WHEREFORE, Defendant FORD MOTOR COMPANY prays as follows:

1.   That Plaintiff takes nothing by way of his Complaint on file herein;

2.   That judgment be entered in favor of Defendant for attorney fees and costs of suit; and,

3.   For such other and further relief as the Court may deem just and proper.


Dated:  March 23, 2021          GATES, GONTER, GUY,
                                PROUDFOOT & MUENCH, LLP


                                By: _____
                                    MATTHEW M. PROUDFOOT
                                Attorneys for Defendant, FORD MOTOR
                                COMPANY

5

<u>PROOF OF SERVICE - 1013(a) C.C.P.</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Gates, Gonter, Guy, Proudfoot & Muench, LLP, located at 38 Discovery, Suite 200, Irvine, CA  92618.

    On **March 23, 2021**, I served the foregoing document described as  **FORD MOTOR COMPANY'S ANSWER TO COMPLAINT** on the interested parties in this action as set forth on the attached service list in the following manner:

**(   )**        **BY MAIL.**  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.  I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

(   )        **BY FACSIMILE.**  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

(   )        **BY PERSONAL SERVICE.**  I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

(   )        **BY EXPRESS MAIL.**  I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

(xxx)        **BY ELECTRONIC MAIL.**  I caused said document(s) to be served electronically to **amalek@journeylawgroup.com; guy@journeylawgroup.com; eservice@journeylawgroup.com;** pursuant to Civil Procedure §1010.6(a)

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **March 23, 2021**, at Irvine, California.

_____
            Heidi Dufour

**********************************************************************
SERVICE LIST

**ATTORNEY FOR PLAINTIFF**
Guy Mizrahi, Esq.
JOURNEY LAW GROUP
1762 Westwood Blvd., Ste 260
Los Angeles, CA 90024
Tel: 424.206.4303
Fax: 424.220.7388

GATES, GONTER, GUY,
PROUDFOOT & MUENCH LLP
38 DISCOVERY, SUITE 200
IRVINE, CA 92618
(949) 753-0255
